United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11339
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD MORRIS HOENIG,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-35-1-Y
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Ronald Morris Hoenig appeals his bench-trial conviction of being a felon in possession of a firearm. Hoenig argues that the district court abused its discretion in denying his motion for a continuance and holding trial 12 days after granting his motion to proceed pro se. He argues that the fact that he had too little time to prepare for trial is evidenced by the fact that he filed several pre-trial motions late. He also argues that his request for a continuance of 30 to 45 days was not unreasonable

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

especially in light of the fact that he was not a lawyer, did not have a complete copy of his file, and did not have access to a law library.

"[T]rial judges have broad discretion in deciding whether to grant continuances." United States v. Correa-Ventura, 6 F.3d 1070, 1074 (5th Cir. 1993). "Whether a party complaining of inadequate preparation time was properly denied a continuance depends on (1) the amount of preparation time available, (2) whether the defendant took advantage of the time available, (3) the likelihood of prejudice from a denial, (4) the availability of discovery from the prosecution, and (5) the complexity of the case." United States v. Scott, 48 F.3d 1389, 1393 (5th Cir. 1995).

Hoenig had 12 days from the court's grant of his motion to proceed pro se until his trial. Hoenig indicated to the court at the hearing on his motions that he would be prepared for trial. Additionally, Hoenig had had the benefit of counsel for over four months previously.

Despite his protestations that he did not have adequate time or access to a law library, Hoenig filed numerous pretrial motions. Some of these motions were denied because, although they were filed prior to trial, they were filed after the court's deadline. However, given the number of motions that Hoenig filed before the trial and within the court's deadlines, he clearly was able to take advantage of the time before trial.

With regard to the likelihood of prejudice from the denial of his motion for a continuance, Hoenig only argues that, had he been given a continuance, he "most likely" would not have decided to argue that he did not have possession of the gun or that he was entrapped, that he "probably" would not have called his girlfriend as a witness, and that he "might" have determined that his case was hopeless and pleaded guilty to gain the two-point acceptance-of-responsibility adjustment. Thus, his argument as to the prejudice he suffered is purely speculative. He does not argue that he was prejudiced by the denial of his pretrial motions as late.

There is no indication that discovery was not available to Hoenig, and he does not argue that it was not. Finally, as the district court pointed out when denying Hoenig's third motion for a continuance, the case was not complex, and Hoenig had appointed counsel as stand-by counsel.

The district court did not abuse its discretion in denying the motion, nor has Hoenig established serious prejudice as the result of the denial of his motion for continuance. See Scott, 48 F.3d at 1393. The judgment of the district court is AFFIRMED.